**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------X    Civil Action No. _____

TOTAL ENERGY CORP.,

                  Plaintiff,

      -against-

J. ROLLINS CONSTRUCTION, INC.,          **COMPLAINT**

                  Defendant.

-------------------------------------------------------X

Plaintiff Total Energy Corp. ("Total Energy" or "Plaintiff"), by its attorneys, Feinstein & Naishtut, LLP, as and for its Complaint against Defendant J. Rollins Construction, Inc. ("J. Rollins" or "Defendant"), alleges as follows:

**NATURE OF THE ACTION**

1. This is an action to recover a $150,000.00 deposit paid by Total Energy to J. Rollins in connection with a written purchase agreement for nine (9) empty ASME horizontal propane pressure storage vessels.

2. The purchase was expressly conditioned upon, among other things, Total Energy's receipt and review of inspection materials, photographs, (i.e. clear data-plate photographs), and information confirming the location and identity of each pressure vessel.

3. Total Energy paid the required $150,000.00 initial payment. J. Rollins, however, failed and refused to provide the contractually required inspection materials, photographs, data-plate photographs, and location information.

1

4. As a result of J. Rollins' material breach and failure of the agreed pre-conditions to Total Energy's performance, Total Energy terminated the agreement in writing and demanded the return of its $150,000.00 payment.

5. Despite due demand, J. Rollins has failed and refused to return the $150,000.00 deposit.

## PARTIES

6. Plaintiff Total Energy Corp. is a corporation organized and existing under the laws of the State of New York.

7. Total Energy maintains its principal place of business at 2 Hardscrabble Road, North Salem, New York 10560, located in Westchester County, New York.

8. Upon information and belief, Defendant J. Rollins Construction, Inc. is a corporation organized and existing under the laws of the State of Texas.

9. Upon information and belief, pursuant to the Texas Secretary of State, J. Rollins maintains its principal place of business in Texas at 405 W. Clayton St. Dayton, TX 77535 and its President, Director and registered agent is identified as Paul Graugnard located at 925 County Road 450, Dayton TX 77535.

## JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

2

11. Total Energy is a citizen of New York because it is incorporated in New York and maintains its principal place of business in New York.

12. Upon information and belief, J. Rollins is a citizen of Texas because it is incorporated in Texas and maintains its principal place of business in Texas.

13. The amount in controversy exceeds $75,000.00 because Total Energy seeks, among other relief, recovery of the $150,000.00 deposit wrongfully retained by J. Rollins.

14. This Court has personal jurisdiction over J. Rollins pursuant to CPLR 302(a)(1), because J. Rollins transacted business in New York and/or contracted to supply goods, documents, information, and related performance to Total Energy in New York, and Total Energy's claims arise from those transactions and obligations.

15. J. Rollins purposefully transacted business with Total Energy, a New York corporation having its principal place of business in Westchester County, New York.

16. Negotiations concerning the transaction were conducted with Total Energy at its office located at 2 Hardscrabble Road, North Salem, New York 10560.

17. J. Rollins entered into a written agreement with Total Energy, accepted a $150,000.00 wire payment from Total Energy's New York bank account, and was required to provide Total Energy with inspection materials, photographs, data-plate photographs, and location information for Total Energy's review.

18. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Total Energy's claims occurred in this District, including in Westchester County, New York.

3

19. Venue is also proper because J. Rollins is subject to personal jurisdiction in this District with respect to this action.

20. This action is properly designated for White Plains because Total Energy resides in Westchester County, New York, and the claims arose in whole or in substantial part in Westchester County, New York.

## FACTUAL ALLEGATIONS

21. Total Energy business included engaging in the purchase and sale of propane storage tanks and related equipment.

22. J. Rollins offered to sell Total Energy nine (9) empty ASME horizontal propane pressure storage vessels ranging from approximately 18,000 gallons to 30,000 gallons in capacity.

23. The vessels were allegedly located at J. Rollins' storage yards in New Mexico, Texas, and Louisiana.

24. On or about March 18, 2026, Total Energy and J. Rollins entered into a written Purchase Agreement concerning the purchase and sale of the nine pressure vessels (the "Agreement").

25. The Agreement was fully executed on or about March 19, 2026.

26. The Agreement provided that Total Energy would purchase, and J. Rollins would sell, nine (9) empty ASME pressure vessels for a total purchase price of $301,010.19.

27. The Agreement identified the vessels as five 30,000-gallon propane storage tanks and four 18,000-gallon propane storage tanks.

28. The Agreement expressly provided that, unlike Total Energy's usual practice of performing third-party inspections before acquisition, Total Energy would forego such inspections and accept associated risks only subject to Total Energy's receipt and review of J. Rollins-provided inspections.

29. The Agreement was expressly made "purchase conditional upon" several conditions, including J. Rollins' obligation to provide new photographs showing which tank corresponded to which data plate, clear data-plate photographs, and confirmation of the location of each tank.

30. The Agreement also required all vessel openings to be sealed by J. Rollins with plastic plugs, covered with shrink wrap, wood, or secured with heavy-duty plastic and duct tape, and protected from the elements.

31. The Agreement further required all nine (9) vessels would be loaded by J. Rollins onto trucks provided by Total Energy.

32. Under the Agreement, Total Energy was to make a first payment of $150,000.00 by ACH or wire transfer within three days of the signed Agreement.

33. The Agreement provided that the remaining balance of $151,010.19 would be paid by ACH or wire transfer five days prior to removal or pickup of the third tank, or ninety days from the signed Agreement, whichever occurred first.

34. In reliance upon the Agreement and J. Rollins' obligations thereunder, Total Energy timely paid the initial $150,000.00 payment required by the Agreement.

35. Total Energy wired the $150,000.00 payment from its bank account in New York to the account designated for payment in connection with the Agreement.

36. After receiving Total Energy's $150,000.00 payment, J. Rollins failed to provide the inspection reports, photographs, data-plate photographs, and location information required by the Agreement.

37. Total Energy repeatedly requested that J. Rollins provide the required information and documentation.

38. J. Rollins failed and refused to provide the required materials.

39. J. Rollins has not provided Total Energy with the required photographs, inspection reports, data-plate photographs, or location information at any time.

40. J. Rollins' failure to provide the required materials prevented Total Energy from verifying the identity, condition, location, and specifications of the vessels and from determining whether the vessels conformed to the Agreement.

41. J. Rollins' failure to provide the required materials constituted a material breach of the Agreement and/or caused the failure of express conditions to Total Energy's further performance.

42. By reason of J. Rollins' breaches and failure to satisfy the conditions of the Agreement, Total Energy terminated the Agreement in writing on or about April 21, 2026.

43. Total Energy demanded that J. Rollins return the $150,000.00 initial payment.

44. Thereafter, by letter dated April 28, 2026, Total Energy, through its counsel, again demanded that J. Rollins return the $150,000.00 payment.

45. The April 28, 2026, letter from Total Energy's counsel advised J. Rollins that it had breached material terms of the Agreement by failing to provide the required photographs and other evidence concerning the condition and location of the nine vessels.

46. The April 28, 2026, letter further advised J. Rollins that, upon receipt of the returned funds, Total Energy would deem the Agreement null and void.

47. Notwithstanding Total Energy's prior termination of the Agreement based on the conduct of J. Rollins, after receipt of the April 28, 2026, letter, J. Rollins, by its purported owner and president, Edward Sieja, communicated, in substance, that the required information would shortly be forthcoming.

48. Notwithstanding the termination of the Agreement by Total Energy and/or the representations made by Mr. Sieja, J. Rollins still failed and refused to provide the required materials.

49. J. Rollins has also failed and refused to return the $150,000.00 payment.

50. Total Energy has fully performed all obligations required of it under the Agreement, except to the extent that its performance was excused, prevented, or rendered unnecessary by J. Rollins' material breaches and failure to satisfy conditions precedent.

51. Total Energy has been damaged in an amount to be determined at trial, but not less than $150,000.00, together with interest, costs, and such other relief as the Court deems just and proper.

## AS AND FOR A FIRST CAUSE OF ACTION

### (Breach of Contract)

52. Total Energy repeats and realleges the allegations contained in paragraphs 1 through 51 as if fully set forth herein.

53. The Agreement is a valid and binding contract between Total Energy and J. Rollins.

54. Total Energy performed its obligations under the Agreement, including by paying the $150,000.00 initial payment required by the Agreement.

55. To the extent any further performance by Total Energy was required, such performance was excused by J. Rollins' prior material breaches and failure to satisfy express conditions of the Agreement.

56. J. Rollins breached the Agreement by failing to provide the required inspection materials, photographs, clear data-plate photographs, location information, and related documentation.

57. J. Rollins further breached the Agreement by failing and refusing to return Total Energy's $150,000.00 payment after Total Energy terminated the Agreement and demanded return of the funds.

58. J. Rollins' breaches were material.

59. As a direct and proximate result of J. Rollins' breaches, Total Energy has been damaged in an amount to be determined at trial, but not less than $150,000.00, together with interest, costs, and such other relief as the Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION

### (Money Had and Received / Unjust Enrichment, Pleaded in the Alternative)

60. Total Energy repeats and realleges the allegations contained in paragraphs 1 through 59 as if fully set forth herein.

61. This cause of action is pleaded in the alternative to the First Cause of Action.

8

62. Total Energy paid $150,000.00 in connection with the proposed purchase of the vessels.

63. J. Rollins received and/or benefitted from that payment.

64. J. Rollins failed to provide the materials, information, documents, and performance required as a condition of Total Energy's further performance and completion of the transaction.

65. J. Rollins has retained the $150,000.00 payment despite Total Energy's termination of the Agreement and demand for return of the funds.

66. Under the circumstances, equity and good conscience require J. Rollins to return the $150,000.00 payment to Total Energy.

67. J. Rollins has been unjustly enriched at Total Energy's expense in the amount of $150,000.00.

68. Total Energy is entitled to judgment against J. Rollins in an amount to be determined at trial, but not less than $150,000.00, together with interest, costs, and such other relief as the Court deems just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION

### (Declaratory Judgment)

69. Total Energy repeats and realleges the allegations contained in paragraphs 1 through 68 as if fully set forth herein.

70. An actual and justiciable controversy exists between Total Energy and J. Rollins concerning the parties' rights and obligations under the Agreement.

71. Total Energy contends that J. Rollins materially breached the Agreement and failed to satisfy express conditions precedent to Total Energy's further performance.

72. Total Energy further contends that it properly terminated the Agreement and has no obligation to pay the remaining balance or otherwise proceed with the purchase.

73. Upon information and belief, J. Rollins disputes or may dispute Total Energy's termination of the Agreement, its right to return of the $150,000.00 payment, and/or the absence of any obligation by Total Energy to pay the remaining balance.

74. Total Energy is entitled to a declaration that J. Rollins materially breached the Agreement, that Total Energy properly terminated the Agreement, that Total Energy has no further payment obligation under the Agreement, and that Total Energy is entitled to return of the $150,000.00 payment.

WHEREFORE, Plaintiff Total Energy Corp. demands judgment against Defendant J. Rollins Construction, Inc. as follows:

A. On the First Cause of Action, awarding Plaintiff damages in an amount to be determined at trial, but not less than $150,000.00, together with prejudgment interest;

B. On the Second Cause of Action, in the alternative, awarding Plaintiff damages in an amount to be determined at trial, but not less than $150,000.00, together with prejudgment interest;

C. On the Third Cause of Action, declaring that J. Rollins materially breached the Agreement, that Total Energy properly terminated the Agreement, that Total Energy has

no further payment obligation under the Agreement, and that Total Energy is entitled to return of the $150,000.00 payment;

D. Awarding Plaintiff its costs and disbursements of this action;

E. Awarding Plaintiff such other and further relief as the Court deems just and proper.

Dated: Rye Brook, New York
      May 26, 2026

**Respectfully,**

**FEINSTEIN & NAISHTUT, LLP**
Attorneys for Plaintiff Total Energy Corp.
211 South Ridge Street
Rye Brook, New York 10573
(914) 939-0002
sfeinstein@fandnattorneys.com

By: _____
    Steven D. Feinstein, Esq.

11